**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., ) | |
| Plaintiff, ) | |
| v. ) | 2:12-cv-1519-RCJ-CWH |
| BONITO MICHOACAN, INC., ) | **ORDER** |
| Defendant. ) | |
| _____ ) | |

Currently before the Court is a Request for Clerk's Default on Amended Complaint (#13).

**BACKGROUND**

On August 27, 2012, Plaintiff J&J Sports Productions, Inc. filed a complaint in this Court based on federal question jurisdiction against Defendant Bonito Michoacan, Inc. (Compl. (#1) at 1). On October 3, 2012, Defendant filed an answer. (Answer (#6)). On November 20, 2012, the parties filed a joint stipulation to permit Plaintiff to amend its complaint to include an additional cause of action and to give Defendant 20 days from the entry of the Court's order to respond. (Stip. to Amend (#9)). Judge Carl W. Hoffman granted the stipulation and Plaintiff filed the amended complaint[1] on November 26, 2012. (Order on Stip. (#10); Am.

---

[1] The amended complaint alleged that Plaintiff had the exclusive national commercial distribution (closed-circuit) rights to telecast nationwide "200: Celebrate and Dominate: Shane Mosley v. Sergio Mora Championship Fight Program" on September 18, 2010, and "Tactical Warfare: Manny Pacquiao v. Antonio Margarito, WBO Light Middleweight Championship Fight Program" on November 13, 2010. (Am. Compl. (#11) at 4). The amended complaint alleged that Defendant had unlawfully intercepted, received, published, divulged, displayed, and/or exhibited those programs at the time of their transmission at Defendant's commercial establishment. (*Id.* at 5). The amended complaint alleged the following causes of action: (1) violation of 47 U.S.C. § 605; (2) violation of 47 U.S.C. § 553; and (3) conversion. (*Id.*

Compl. (#11)).

On January 17, 2013, Plaintiff filed a notice to plead informing Defendant and Defendant's attorney that they were required to answer or otherwise plead regarding the amended complaint within three days to avoid a default. (Notice to Plead (#12)). Defendant did not file a response. (*See generally* Docket Sheet). On January 28, 2013, Plaintiff filed the pending motion for clerk's default. (Mot. for Clerk's Default (#13)).

## DISCUSSION

Plaintiff requests that the Clerk of Court enter a default against Defendant based on Defendant's failure to plead or otherwise defend against the amended complaint. (Mot. for Clerk's Default (#13) at 1). Plaintiff attaches an affidavit from his attorney in support of the motion. (Reynolds Aff. (#13) at 2). The affidavit states that, on November 20, 2012, Plaintiff served the summons and amended complaint on Defendant and that Defendant has not answered or filed any other motion in response. (*Id.*).

Pursuant to Federal Rule of Civil Procedure 55, the clerk must enter the party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

In this case, the Court directs the Clerk of the Court to enter a default against Defendant pursuant to Rule 55(a). As demonstrated by the docket and Plaintiff's supporting affidavit, Defendant has failed to respond to the amended complaint. As such, the Court grants Plaintiff's motion for clerk's default on the amended complaint (#13).

///
///
///
///
///
///

at 4-6).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff J&J Sports Productions, Inc.'s Request for Clerk's Default on Amended Complaint (#13) is GRANTED.

The Clerk of the Court shall enter a default against Defendant Bonito Michoacan, Inc. pursuant to Federal Rule of Civil Procedure 55(a).

DATED: This _7th _ day of March, 2013.

_____
United States District Judge